UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| KENNETH W. PETERSEN, JR. | 5:22-CV-5064 |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR RULE 35 EXAMINATION BY DR. RONE** |
| vs. | |
| RAPID CITY, PIERRE & EASTERN R.R., INC. | |
| Defendant. | |

Pending before the Court is Defendant Rapid City, Pierre & Eastern R.R. Inc.'s Motion ("RCPE") for Rule 35 Examination by Dr. Rone (Doc. 36) and motion to modify scheduling order. For the following reasons, RCPE's Motion is granted.

## BACKGROUND

On March 24, 2023, Mr. Petersen's retained expert psychiatrist, Dr. Kenneth Weiss, reviewed Plaintiff's medical records, examined him by Zoom, and subsequently wrote an expert report opining the Mr. Petersen has PTSD as a result of the train derailment, that "[h]e is clearly not over it and will have problems in many aspects of his life for the foreseeable future," and that he should "continue with counseling and medication." (Doc. 36-1). Following Mr. Petersen's disclosure of Dr. Weiss' report on May 24, 2024, Defendant RCPE retained Lisa A. Rone, a board-certified psychiatrist by the American Board of Psychiatry and Neurology, to assist it in assessing the nature and extent of Plaintiff's PTSD claims, his post-concussion condition claims, and Dr. Weiss's expert opinions. (Docs. 36-2; 36-3).

On June 5, 2024, Defendant RCPE's counsel emailed Mr. Petersen's counsel regarding scheduling a 2 to 2.5 hour Rule 35 independent examination by Dr. Rone via Zoom. (Doc. 36-3). Therein, it indicated that Dr. Rone would be interviewing Mr. Petersen regarding the August 2,

2019 derailment, the onset of his PTSD, his concussion, the onset of symptoms for these 2 diagnoses, his medical and mental history, and his family history. (Doc. 36-3). The email indicated that Dr. Rone would not perform any testing, that no one other than Mr. Petersen and Dr. Rone would be present, and that Dr. Rone would not be video-taping or recording the interview. (Doc. 36-3).

On June 7, 2023, Mr. Petersen's counsel responded that he would allow Dr. Rone to examine Mr. Petersen if the examination was recorded using Zoom's built-in recording function. (Doc. 36-3). Mr. Petersen's counsel indicated that it wanted the examination recorded because Dr. Rone is "an agent of Plaintiff's litigation adversary." (Doc. 36-3). Defense counsel conferred with Dr. Rone regarding Mr. Petersen's request to record the examination and Dr. Rone indicated that she does not allow her independent psychiatric evaluations to be recorded because it changes the nature of the examination. (Doc. 36-3). Dr. Rone stated that a recording may impact Mr. Petersen's presentation, concentration, or stress level and that he could alter his presentation and responses for the camera. (Doc. 36-3; 36-5, ¶ 4). RCPE's counsel inquired whether Dr. Weiss, Mr. Petersen's retained psychiatrist, recorded his examination of Mr. Petersen and his counsel did not respond. (Docs. 36, ¶ 7; 36-3).

Counsel for RCPE attests that its vocational expert, Chad Kollar, needs to review Dr. Rone's assessment of Mr. Petersen's PTSD and concussion symptoms in order to finalize his vocational and earning capacity opinions in his rebuttal expert report. (Doc. 36, ¶ 8). RCPE attests that Chad Kollar's rebuttal expert report must then be reviewed by Gary Skoog, RCPE's economic expert, in order to finalize his economic loss opinions in his rebuttal expert report. (Doc. 36, ¶ 8).

On June 21, 2023, Defendant RCPE filed a Motion for Rule 35 Examination by Dr. Rone. (Doc. 36). Therein, RCPE moves this Court pursuant to Federal Rule of Civil Procedure 35(a) to order Mr. Petersen to be examined by Dr. Rone without a recording, and to extend the rebuttal expert disclosure deadline 21 days from the date of the entry of the Court's order to allow Dr. Rone to complete her examination of Mr. Petersen and produce her expert report, and to allow Chad Kollar, RCPE's vocational expert, and Gary Skoog, RCPE's economic expert, to produce their rebuttal reports. (Doc. 36). The present deadline for rebuttal expert reports is June 23, 2023, and the discovery deadline, including expert discovery is July 19, 2023. (Doc. 19). The Motion has been fully briefed and is ready for disposition.

2

## STANDARD OF REVIEW

Federal Rule of Civil Procedure Rule 35(a) provides:

**(a) Order for an Examination.**

**(1) *In General.*** The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

**(2) *Motion and Notice; Contents of the Order.*** The order:

| | |
|---|---|
| **(A)** | may be made only on motion for good cause and on notice to all parties and the person to be examined; and |
| **(B)** | must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it. |

Fed. R. Civ. P. 35(a).

## DISCUSSION

Mr. Petersen argues in opposition to RCPE's Motion for Rule 35 Examination that: 1) it is untimely; and 2) good cause exists for videorecording the Rule 35 exam. The Court will address each argument in turn.

### A. Timeliness of Rule 35 Motion

On May 24, 2024, RCPE's expert, Dr. Weiss, disclosed his expert report opining that Mr. Petersen still suffered from PTSD from the derailment. Following the disclosure of Dr. Weiss's report, counsel for RCPE hired Dr. Rone as an expert to interview Mr. Petersen regarding the derailment, the onset of his PTSD and concussion, his medical, mental, and family history, and to issue an expert report. On June 5, 2023, RCPE's counsel emailed Mr. Petersen's counsel regarding scheduling a Rule 35 independent examination by Dr. Rone via Zoom. On June 9, 2023, RCPE was informed that Mr. Petersen "is not agreeing to the proposed exam without an agreement that it will be recorded" using the record function on Zoom. (Doc. 36-3). When the parties could not come to a consensus, Defendant RCPE filed this Rule 35 Motion on June 21, 2023. The Amended Scheduling Order set a June 23, 2023, deadline for rebuttal identification and reports and a July 19, 2023, discovery deadline which includes expert discovery. (Doc. 19).

3

Mr. Petersen argues that Defendant RCPE's Rule 35 Motion is untimely because the briefing schedule for the motion extended beyond the July 19, 2023, discovery deadline and RCPE did not show good cause for its failure to timely complete discovery. (Doc. 39 at 365). Mr. Petersen contends that the RCPE was made aware in Mr. Petersen's February 17, 2023 interrogatory responses that he claimed to be experiencing trauma and PTSD as a result of the derailment. (Doc. 39 at 365). Mr. Petersen argues that if RCPE wanted to subject him to a Rule 35 examination regarding PTSD, it should have made plans to do so sooner rather than noticing its Rule 35 exam after the Dr. Weiss disclosed his initial expert report. (Doc. 39 at 365). Under Rule 16(b) of the Federal Rules of Civil Procedure, the Court's scheduling order "may be modified only for good cause and with the Court's consent." Fed. R. Civ. P. 16(b)(4). Mr. Petersen argues that Defendant's Rule 35 motion should be denied in its entirety because RCPE has given no good cause for its failure to comply with the scheduling order. (Doc. 39 at 366).

Despite Mr. Petersen's argument that RCPE should have conducted its Rule 35 examination soon after receiving Mr. Petersen's interrogatory responses, RCPE had no obligation under the Amended Scheduling Order to conduct and file a rebuttal report until after Mr. Petersen's expert disclosed his report on May 24, 2024. RCPE's counsel states that Mr. Petersen's argument that it should have conducted the exam sooner "incorrectly assumes RCPE should have known that Mr. Petersen's counsel would not agree to Dr. Rone's examination without a recording," that defense "counsel was surprised by Plaintiff's counsel's insistence on a recorded examination, especially when there was no indication in Dr. Weiss' report that he recorded his Zoom examination." (Doc. 43 at 407). RCPE's counsel states that after Mr. Petersen's request for the videorecording, he communicated with Plaintiff's counsel regarding why Dr. Rone does not believe in having her examinations recorded. (Docs. 36-4, ¶ 5). When Plaintiff's counsel indicated that Mr. Petersen would not undergo an examination by Dr. Rone without a recording, defense counsel conducted additional research and elected to seek the Court's intervention by filing the Rule 35 Motion. (Doc. 36-4, ¶ 5). The Court does not find RCPE's Rule 35 Motion to be untimely. The Motion was drafted and filed soon after it became clear that Mr. Petersen would not undergo an independent medical exam by Dr. Rone without the exam being videorecorded.

**B. Videorecording**

Under Rule 35, a party may be entitled to compel an examination of an opposing party if: (1) the party's physical or mental condition is "in controversy;" (2) the examining expert is a physician; and (3) "good cause" is shown. *See Schlagenhauf v. Holder*, 379 U.S. 104, 238-240 (1964). The manner and conditions of a court-ordered medical examination are within the sound discretion of the court. Fed. R. Civ. P. 35(a)(2)(B). There is no dispute that Dr. Rone is a board-certified psychiatrist, and the parties do not dispute that Mr. Petersen's mental condition is "in controversy," and that "good cause" exists for the examination generally. *See also Schalegenhauf*, 379 U.S. at 119 (holding that a plaintiff in a negligence action "who asserts mental or physical injury, . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury."). The examination proposed by Dr. Rone is the sole psychological examination that defense counsel plans to conduct of Mr. Petersen. At issue in this case, however, is whether Mr. Petersen may insist on videorecording the examination.

Rule 35 is a method of discovery. *Ellis v. W. Bend Mutual Ins. Co.*, Civ. No. 20-476, 2020 WL 3819410, at *3 (D. Minn. Jul. 8, 2020). It is located under Title V: Disclosures and Discovery, of the Federal Rules of Civil Procedure, along with the more common tools of discovery, including interrogatories, requests for admission, and requests for the production of documents. *Id.*; Fed. R. Civ. P. 35. Typically, in disputes regarding the need for certain discovery, or the conditions upon which discovery should be produced, the burden is on the party seeking discovery to show that it is relevant. *Id.*; *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (stating that the proponent must make some threshold showing of relevance). Once relevancy is established, the party resisting discovery bears the burden to show that the discovery sought is unduly burdensome or otherwise oppressive. *Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 509 (D.S.D. Sept. 11, 2015). The same logic can be applied to disputes regarding Rule 35 medical examinations. *Ellis*, 2020 WL 3819410, at *4. Although the burden to establish relevancy is higher—because the party seeking the examination must show the opposing party's medical condition is in controversy and that good cause supports the examination—the parties do not dispute, and the Court has already concluded, that these Rule 35 requirements have been met. In RCPE's counsel's Rule 35 examination notice to Mr. Petersen's counsel, he indicated that Dr. Rone's neurological assessment of Mr. Petersen will not be videotaped or recorded. (Doc. 36-3). Dr. Rone attests that she "does

not allow her independent psychiatric evaluations to be recorded because it changes the nature of the examination." (Doc. 36-5, ¶ 4). She describes:

> The interview and examination environment has to remain free from anything that could impact Mr. Petersen's presentation, concentration, or stress level. In addition, if Mr. Petersen was aware the psychiatric examination was being recorded, there would be a risk that he could alter his representation and responses for the camera.

(Doc. 36-5, ¶ 4). Because Mr. Petersen is the party now resisting the discovery, the burden is on him to show why the examination should not go forward in the manner noticed by RCPE, the same way a party resisting the production of documents would be required to show why the particular request was inappropriate. *See Ellis*, 2020 WL 3819410, at *4.

Mr. Petersen's counsel argues that a videorecording of Dr. Rone's independent medical examination would not impede or impact the examination, and that recording is appropriate under the facts of this case. Specifically, Mr. Petersen's counsel argues that if the exam is not recorded, Mr. Petersen will have to relive the traumatizing events another time in his report of the exam to his lawyers and that a recording will serve as a primary record that is not subject to the fallibility of ordinary human memory. (Doc. 39 at 368). In addition, Mr. Petersen's counsel argues that the proposed set-up—hitting the "record" button on a Zoom meeting—does not involve a conspicuous recorder or an obtrusive camera set-up that would, as Dr. Rone expressed, "change the nature of the examination." (Doc. 39 at 369). Mr. Petersen's counsel argues that Dr. Rone's concern that "Mr. Petersen may alter his presentation and responses for the camera" is "especially ridiculous" because "[i]f the exam occurs, it could not escape Petersen's notice that he would be on camera for the entirety of the examination, because that is how Zoom videoconferencing works. The only question is whether the 'record' button would be pushed." (Doc. 39 at 366). Mr. Petersen argues that Dr. Rone's interests are adversary to those of Mr. Petersen and that she will "almost invariable [ ] draw medical conclusions that are skeptical of the plaintiff's injuries" and " the use of a record device will ensure that no inappropriate questions are asked and will help all parties recall exactly what occurred at the examination." (Doc. 39 at 367-68).

Rule 35 does not address the issue of recording an independent medical exam, and it does not appear that the Eighth Circuit Court of Appeals has considered it. While courts have been more divided on the recording of a physical examination, "[t]he prevailing view, at least among the district courts of the Eighth Circuit, appears to be that recording a Rule 35 psychological

6

examination not be ordered—at least absent special circumstances." *Ussatis v. Bail*, Civ. No. 18-62, 2019 WL 2250268, at *2 (D.N.D. May 24, 2019); *see also, e.g.*, *Sellers v. Deere & Co.*, Civ Nos. 12-2050 et al., 2013 WL 12155343, at *2 (N.D. Iowa Sept. 25, 2013) (denying request that a Rule 35 psychological examination be recorded); *Letcher v. Rapid City Regional Hosp., Inc.*, Civ. No. 09-5008, 2010 WL 1930113, at *9-10 (D.S.D. May 12, 2010) (Duffy, J.) (same); *Tomlin v. Holecek*, 150 F.R.D. 628, 633 (D. Minn. 1993) (stating that it is bad practice to permit recording absent a "compelling reason"). The Court finds that Mr. Petersen has not shown any "compelling reason" for recording the psychological examination. Mr. Petersen's counsel has not expressed any particular concern with Dr. Rone's techniques and generally, the "mere possibility that a defendant's expert might act inappropriately during an unmonitored examination," or a claim that Rule 35 examinations are "inherently adversarial," is not enough to justify recording of the examination. *Ussatis*, 2019 WL 2250268, at *4; *Ellis v. W. Bend Mutual Ins. Co.*, Civ. No. 20-476, 2020 WL 3819410, at *4 (D. Minn. Jul. 8, 2020).

Dr. Rone's proposed examination is a psychiatric examination, not a physical examination. *See Silbernagel v. Westfield Ins. Co.*, Civ. No. 22-1979, 2023 WL 2264277, at *5 (D. Minn. Feb. 28, 2023) (stating that the "sensitivity that accompanies a psychological examination is [ ] not present" in a physical examination). Dr. Rone, a board-certified psychiatrist, had attested that the recording of a psychiatric examination is contraindicated and affects the utility and reliability of the examination. Experts in other cases have also stated that videorecording or a tape recording is "inimical to the conduct of a valid psychiatric examination." *Tomlin*, 150 F.R.D. at 631; *see also Ussatis*, 2019 WL 2250268, at *5 ("[R]ecording may inhibit plaintiff from making full and complete responses or consciously or unconsciously exaggerating or diminishing responses and reactions as a result of a perception that the recording is critical to the case."); *Vega v. Mermudez*, Civ. No. 14-24600, 2015 WL 13697613, at *2 (S.D. Fla. Aug. 21, 2015) (citing *Schlunt v. Verizon Directories Sales-West, Inc.*, Civ. No. 05-666, 2006 WL 1643727 (M.D. Fla. Jun. 12, 2006)) (stating that "a majority of federal courts have found that the recording devices in mental examinations should be excluded absent special circumstances); *Rawls v. Union Pac. R.R.*, Civ. No. 09-1037, 2011 WL 13301526, at *2 (W.D. Ark. Apr. 14, 2011) ("The presence of a third party or recording equipment could invade the province of the examiner, and could effect the results, render them unreliable or result in improper testing."); *United States v. Wilson*, 920 F.Supp.2d 287, 306 (E.D.N.Y. 2012) ("The court agrees with the weight of authority that the recording of a mental

examination changes its tenor and feel in such a way that could potentially undermine its effectiveness."); *Abdulwali v. Washington Metro Area Transit Auth.*, 193 F.R.D. 10, 13 (D.D.C. 2000) (psychiatrist stating that the presence of recording devices is inimical to the success of such an examination because they "distort psychological openness and spontaneity" and that "such interfering variable may invalidate the examination findings and any inference that may be drawn therefrom").

In this case, counsel for Mr. Petersen has alternative methods to obtain insight into the examination and to prepare for the cross-examination of Dr. Rone. Mr. Petersen may obtain a detailed written report of Dr. Rone. Fed. R. Civ. P. 35(b)(1). The report must "set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests." Fed. R. Civ. P. 35(b)(2). If RCPE designates Dr. Rone as a testifying expert, Dr. Rone must provide Mr. Petersen a report containing "a complete statement of all opinions [she] will express and the basis and reasons for them." *See* Fed. R. Civ. P. 26(a)(2)(B)(i). Additionally, the report must contain the facts or data considered by Dr. Rone in forming her opinions. Fed. R. Civ. P. 26(a)(2)(B)(ii). If RCPE identifies Dr. Rone "as an expert whose opinions may be presented at trial," Mr. Petersen may depose her. *See* Fed. R. Civ. P. 26(b)(4)(A). Mr. Petersen's attorney may then inquire about the examination. Overall, the Court finds that there are no specialized circumstances justifying a videorecording here and the Court will not permit it.[1]

## C. Motion to Amend Pretrial Scheduling Order

A pretrial schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman*, 532 F.3d 709, 716 (8th Cir. 2008). Defendant seeks to amend the pretrial scheduling order in this case to extend the rebuttal expert disclosure deadline 21 days from the date of the entry of this Order to allow the parties to complete the examination of Mr. Petersen and produce her expert report, and to allow Chad Kollar, RCPE's expert vocational experts, and Gary Skoog, RCPE's economic expert, to finalize and produce their rebuttal expert reports. The deadline for discovery (July 19, 2023), the deadline for rebuttal expert

---

[1] The Court notes further that Mr. Petersen "suffers no disadvantage by his inability to []record . . . [his] interview that is not shared by the [RCPE ] who, insofar as this record discloses, [is] without a recording . . . of the interview of [Mr. Petersen] that [was] conducted by" his retained psychologist. *See Tomlin*, 150 F.R.D. at 633.

reports (June 23, 2023), and the motions deadline for motions other than motions is limine (August 18, 2023) have come and gone in the time it has taken to review and research this motion and prepare this Opinion. Counsel were unable to complete the examination in the time allotted because they disagreed on a point of unsettled law in this Circuit. Defense counsel timely brought the dispute to the Court's attention and they shall not be penalized for doing so. Because a dispute about the issue of recording a Rule 35 psychological examination prevented the timely completion of the examination, the Motion is granted.

Accordingly,

IT IS HEREBY ODERED that:

1. Plaintiff's Motion for Rule 35 Motion (Doc. 36) is GRANTED;

2. That a Second Amended Scheduling Order will be entered by the Court reflecting the following changes to the Court's April 14, 2023, Amended Scheduling Order (Doc. 19):

   a. Rebuttal identification and reports are due on October 24, 2023—21 days from the date of this Order;

   b. That the deadline for expert discovery shall be completed by November 20, 2023;

   c. That all motions, other than motions in limine, together with supporting briefs, shall be filed and served on or before December 20, 2023; that opposing parties shall file and serve answering materials and briefs on or before January 16, 2024; and reply briefs shall be filed and served on or before January 30, 2024.

Dated this **3ʳᵈ** day of October, 2023.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THIELEN, CLERK