UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| KENNETH W. PETERSEN, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>RAPID CITY, PIERRE & EASTERN R.R., INC.<br><br>Defendant. | 5:22-CV-5064<br><br>**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS FORGED MEDICAL AUTHORIZATION** |

On December 4, 2023, this Court issued an order with regard to Plaintiff Kenneth Petersen's Motion for Sanctions Forged Medical Authorization. It was undisputed by the parties that Plaintiff's medical authorization had been altered without Plaintiff's permission, but it was disputed by the parties as to who altered it. The Court noted that it had inherent authority to impose sanctions upon attorneys for unethical or bad faith conduct. The Court ordered that Plaintiff's counsel may take the deposition of Gillian Grunkemeyer, paralegal from the Boulder, Colorado office of the Knight, Nicastro McKay law firm and report back to the Court because she was the individual who had faxed Plaintiff's medical authorization form that is at the heart of this dispute to Black Hills Orthopedic & Spine Center on May 16, 2023.

Ms. Grunkemeyer's deposition was taken on January 4, 2024, and the parties reported back to the Court. (*See* Docs. 127, 129, 133). Having been fully briefed, Plaintiff's Motion for Sanctions Forged Medical Authorization (Doc. 62) is ready for disposition.

### BACKGROUND

During discovery, Defendant Rapid City, Pierre & Eastern Railroad, Inc. ("RCPE") requested that Plaintiff produce, among other documents, the following:

1

> REQUEST No. 4: All medical records from the last ten years from any hospital, physician, surgeon, chiropractor, therapist, or other health provider.
>
> . . .
>
> REQUEST NO. 5: Signed authorizations, including authorizations in compliance with the Health Insurance Portability and Accountability Act ("HIPAA"), to enable defendants to reasonably obtain other discoverable records.

(Doc. 64-1). In response to Defendant's Request No. 4, Plaintiff objected to the over-broad request, asserting that the information sought fell outside the scope of discovery as defined under Fed. R. Civ. P. 26(b)(1), that the information sought was not proportional to the needs of the case, including the burden and expense of the proposed discovery relative to its likely benefits, and that the information sought was privileged medical information not put at issue by Plaintiff in the litigation. (Doc. 64-2). In response to Request No. 5, Plaintiff objected to the "overly broad" request, asserting the same objections as were in response to Request No. 4. (Doc. 64-2).

In turn, Plaintiff produced his own medical records release authorization to Defendant (Doc. 64-3). Of the seven authorizations for release provided on March 7, 2023, to RCPE's attorneys at Knight Nicastro MacKay, was one for Black Hills Orthopedic & Spine Center. (Doc. 64-3). The Black Hills Orthopedic & Spine Center authorization contained, among other information: the name of the medical provider, a statement that the information in the release was needed for the purpose of litigation, the specific type of medical information to be disclosed, a statement that only an original copy of the release authorization was valid, and Petersen's original signature. (Doc. 64-3). Of the 19 types of information, Plaintiff clearly marked "NO" next to three: Drug/Alcohol Abuse, HIV/AIDS, and All Records:

| | | |
|---|---|---|
| x  History & Physical | x  Discharge Summary | x  Operative Notes |
| x  Consultation | x  Lab | x  Emergency Room Report |
| x  Progress Notes | x  Social History | x  Counselor's Discharge Summary |
| x  Radiology Reports/Films | x  Psychological Testing | x  Physical Therapy |
| NO  Drug/Alcohol Abuse | x  Mental Issues | NO  All Records |
| NO  HIV/AIDS | x  Correspondence | |
| x  Billing Records | | |

(Doc. 64-3).

On March 14, 2023, RCPE attorneys faxed Black Hills Orthopedic & Spine Center a cover letter bearing the name of Rachel Ford, paralegal of Knight Nicastro MacKay in Peoria, Illinois,

2

and Plaintiff's authorization form. (Doc. 90-6). The cover letter provided that "Pursuant to the enclosed executed HIPAA release, please forward copies of any and all medical records, including any radiology film and or imaging (x-rays, MRIs, CT scans, etc.), and medical bills in accordance with the authorization.") (Doc. 90-6). Although it is not clear from the record the exact date of her departure, Ms. Ford left defense counsel's firm, and Ms. Grunkemeyer, a paralegal with Knight Nicastro McKay in Boulder, Colorado, became involved "in the process of following up on previous record requests." (Doc. 128-1, Grunkemeyer Dep. 16:14-19:10).

On May 15, 2023, Gillian Grunkemeyer called Black Hills Orthopedic & Spine Center to confirm that the clinic had received the first authorization request faxed previously by Ms. Ford and was informed that the authorization had been received and rejected by a records-handling service called Sharecare. (Doc. 128-1, Grunkemeyer Dep. 21:19-23:5). During the phone call, Ms. Grunkemeyer was informed that the request had been rejected by Sharecare because: "1) The 'All Records' filed is marked 'No' [and] 2) They want it to specifically say "All dates of service." (Doc. 128-1, Grunkemeyer Dep. 23:1-11). That same day, on May 15, 2023, counsel for RCPE informed Plaintiff's counsel via email that the authorization had been rejected because: 1) the "All Records" box was marked "No" and 2) they want it to specifically say "All dates of service." (Doc. 90-7). Defense counsel requested that a new provider-specific release be executed and returned. (Doc. 90-7).

In a conversation with Sharecare (whose contact information she obtained from Black Hills Orthopedic & Spine), Ms. Grunkemeyer learned that Sharecare was sending emails to Ms. Ford, the paralegal who had faxed the original records request to Black Hills Orthopedic & Spine Center on March 14, 2023. (Doc. 128-1, Grunkemeyer Dep. at 24:4-12). Ms. Grunkemeyer testified that on May 16, 2023, at 4:24 p.m., she faxed to Black Hills Orthopedic & Spine Center an updated cover letter and Petersen's authorization form in order to try and clear up Sharecare's objections to the authorization form sent by Ms. Ford on March 14th and so that she would receive all future correspondence. (Docs. 128-1, Grunkemeyer Dep. 24:4-12; 64-5). Grunkemeyer testified that she attempted to address the date-of-service issued by "direct[ing] them to the paragraph on [Petersen's] authorization where it indicates that all dates of service are authorized." (Doc. 128-1, Grunkemeyer Dep. 27:15-25). Ms. Grunkemeyer stated that she attempted to address the " 'no' to all records" issue in her cover letter by, "list[ing] out per the authorization each item that was

3

authorized as being what we were requesting." (Doc. 128-1, Grunkemeyer Dep. 28:1-11). Specifically, the updated cover letter provided in relevant part that:

> Pursuant to the authorization, we would ask that your office provide to us an (sic) electronic copies or photocopies of any and all records in your files including, but not limited to:
>
> History & Physical, Consultation, Progress Notes, Radiology Reports/Films, Billing Records, Discharge Summary, Lab, Social History, Psychological testing, Mental issues, correspondence, operative notes, Emergency Room Report, Counselor's Discharge Summary, Dismissal Instructions, and Physical Therapy.

(Doc. 64-5). On page 2 of the fax was Plaintiff's executed authorization form. (Doc. 64-5).

Grunkemeyer did not hear anything from Sharecare after sending the authorization on May 16, 2023. (Doc. 128-1, Grunkemeyer Dep. 28:12-18). Around May 30, 2023, Ms. Grunkemeyer received a message from Sharecare that the records requested in the authorization were ready for download. (Doc. 128-1, Grunkemeyer Dep. 28:12-29:19). Grunkemeyer did not speak with Sharecare or Black Hills Orthopedic & Spine Cener between those two dates. (Doc. 128-1, Grunkemeyer Dep. 28:24-29:19). Subsequently, Petersen's released medical records were placed in the law firm's internal file and subsequently produced on June 23, 2023. (Doc. 128-1, Grunkemeyer Dep. 29:22-30:11). The medical records received did not include records related to drug/alcohol abuse or HIV/AIDS and were identical to the records produced by Plaintiff in his initial disclosures with the exception of two recent appointments on June 20, 2022, and June 24, 2022, which were related to the injuries claimed by Plaintiff in this lawsuit. (Doc. 89 at 3306) (citing Doc. 90-12).

On June 9, 2023, defense counsel received a new, signed authorization from Plaintiff for Black Hills Orthopedic & Spine Center. (Doc. 89 at 3306) (citing Doc. 90-10). The authorization form signed by Plaintiff was provided by Black Hills Orthopedic & Spine Center, and provided for the release of Plaintiff's progress notes, operative reports, imaging reports, and lab work from all dates of service. (Doc. 90-10).

On June 23, 2023, a copy of the May 16, 2023, fax and authorization form were produced to Plaintiff as part of RCPE's Fourth Supplemental Reponses to Plaintiff's Request for Production of Documents. (Doc. 64-5). The fax produced showed that Plaintiff's medical authorization to

4

Black Hills Orthopedic & Spine Center had clearly been altered by removing Plaintiff's indication of "NO" to the release of "All Records," and replacing it with an "X" in indicating Plaintiff intended to release "All Records." (Doc. 64-5).

RCPE acknowledges that the medical release that was produced was altered, but asserts that the release was altered downstream of defense counsel. (Doc. 89 at 3306). In support, RCPE notes that the cover letter and release that was produced contained multiple alterations with what appears to be a .pdf editing software. (Doc. 89 at 3306). In addition to the "X" that was added to replace the "NO" that Plaintiff had indicated next to the "all records" line, a large circle was added at the top of page 1, and multiple checkmarks were added on pages 1 and 2. (Doc. 64-5).

When faxing via RingCentral, it was Ms. Grunkemeyer's practice to save her correspondence in a records request folder on a shared drive in .pdf format, and she did so when faxing her cover letter and Petersen's medical authorization to Black Hills Orthopedic & Spine Center. (Doc. 128-1, Grunkemeyer Dep. 33:6-36:17). Ms. Grunkemeyer used the RingCentral software on her work computer, which is exclusively used by her, is password protected, and to which no one else has access. (Doc. 128-1, Grunkemeyer Dep. 33:16-34:7). When she faxed the cover letter and Plaintiff's medical release to Black Hills Orthopedic & Spine Center through RingCentral, Ms. Grunkemeyer attached to the fax a .pdf document consisting of the cover letter and Petersen's authorization that had been saved on the shared drive. (Doc. 128-1, Grunkemeyer Dep. 35:23-36:8). The .pdf documents saved on the shared drive do not bear the date and time stamps of the actual faxing. (Doc. 128-1, Grunkemeyer Dep. 52:1-20).

Heather Lipp, the records supervisor at Black Hills Orthopedic & Spine Center, provided a sworn affidavit based on her personal knowledge of the Petersen file. (Doc. 128-4). Therein in, she swears that:

> 4. Blacks Hills Orthopedic & Spine Center received a faxed request for Kenneth Petersen's medical records in [March 14, 2023].
>
> 5. Black Hills Orthopedic & Spine Center received a subsequent faxed request for Kenneth Petersen's medical records in [May 16, 2023].
>
> 6. Both authorizations appear to have the same date, 2-27-23, and appear to be signed by the patient, Kenneth Petersen.
>
> 7. Both authorizations appear to have been faxed from the Knight, Nicastro, MacKay law firm seeking medical records for litigation.

5

        8. The authorization received in March 2023, Ex. D, has a field titled "All Records," and the blank next to that field contains the word "NO."

        9. The authorization received in May 2023, Ex. E, has a field titled "All Records," and the blank next to that field contains the letter "X."

        10. Neither Exhibit D nor Exhibit E was altered by anyone at Black Hills Orthopedic & Spine Center after being received from the Knight, Nicastro, MacKay law firm.

        11. Both authorizations, as with all faxed authorizations, were received and imported directly into Black Hills Orthopedic & Spine Center's records system through an automated process and were maintained in the form that they were received.

(Doc. 128-4). Attorneys for Knight, Nicastro & McKay who had been working on this case swear that they did not alter Plaintiff's medical authorization and did not direct anyone affiliated with defense counsel to do so and have found no evidence that anyone affiliated with defense counsel did so. (Docs. 131, Aff. of Chad Knight at ¶ 4; 132, Aff. of William J. McFadden at ¶ 4). Ms. Grunkemeyer too testified that she did not alter Plaintiff's medical authorization that was faxed to Black Hills Orthopedic & Spine Center and that the "X" with the "All Records" was not contained in the attachment to her RingCentral fax. (Doc. 128-1, Grunkemeyer Dep. 57:14-16, 63:2). Additionally, Ms. Grunkemeyer testified that no one told her explicitly or implicitly to alter Ken Petersen's records authorization to Black Hills Orthopedic & Spine Center and that she did not know who altered it. (Doc. 128-1, Grunkemeyer Dep. 58:25-59:6; 63:3-9).

## DISCUSSION

"It has long been understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.' " *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *United States v. Hudson*, 11 U.S. 32, 34 (1812)). "For this reason, 'Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.' " *Id.* (quoting *Anderson v. Dunn*, 19 U.S. 204, 227 (1821)). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Id.* at 44 (citing *Roadway Express, Inc.*, 447 U.S. 752, 764 (1980)). "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44-45. "Over

the years, the Supreme Court has found inherent power to include the ability to dismiss actions, assess attorneys' fees, and to impose monetary or other sanctions appropriate 'for conduct which abuses the judicial process.'" *Harlan v. Lewis, M.D.*, 982 F.2d 1255, 1260 (8th Cir. 1993) (citing *Chambers*, 501 U.S. 32).

Based on the record before it, the Court does not find that sanctions are appropriate in this instance. There is no evidence that Petersen's medical authorization was altered by an attorney with defense counsel or at the direction of an attorney with defense counsel. The attorneys on this case, Chad Knight and William J. McFadden, each swear that they did not alter Petersen's medical authorization nor direct anyone else to do so, and there is no evidence in the record suggesting otherwise. Although Danielle Lipp with Black Hills Spine & Orthopedic Center swears that Plaintiff's medical authorization was not altered by the Clinic and that the May 16, 2024, authorization received by Ms. Grunkemeyer contained the alteration indicating "X" to "All Records," Ms. Grunkemeyer testified that she did not alter Plaintiff's medical authorization and that the "X" with the "All Records" was not contained in the attachment to her RingCentral fax. It is undisputed that some check marks and a circle were added to the May 16, 2023, cover letter and medical authorization that appear to have been made by the third-party records-handling service, ShareCare. It further appears that those markings were made by a pdf-editing software. (*See* Doc. 64-5). The Court cannot determine from the record who or what inserted the "X" next to "All Records." Based on this record, the Court is unable to conclude that there has been any conduct by defendant or defense counsel which "abuses the judicial process."

Accordingly, Plaintiff's Motion for Sanctions (Doc. 62) is DENIED.

Dated this 6th day of March, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK