UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| KENNETH W. PETERSEN, JR.,<br><br>Plaintiff,<br>vs.<br><br>RAPID CITY, PIERRE, & EASTERN RAILROAD INC. A DELAWARE CORPORATION,<br><br>Defendant. | 5:22-CV-05064<br><br>MEMORANDUM OPINION AND ORDER DENNYING DEFENDANT'S MOTION FOR LEAVE TO TAKE A SUPPLEMENTAL DEPOSITION OF PLAINTIFF |

Pending before the Court is Defendant's motion for leave to take a supplemental deposition of Plaintiff. (Doc. 160). Plaintiff has filed a response in opposition (Doc. 179). For the following reasons, the Court denies the motion to take a supplemental deposition.

## BACKGROUND

The present case stems from an incident where Plaintiff Kenneth Petersen was injured in a derailment while working as a conductor for Defendant Rapid City, Pierre & Eastern Railroad, Inc. ("RCPE") near New Underwood, South Dakota. While Petersen (the conductor) and fellow RCPE employee Michael Hendrickson (the engineer) were operating a RCPE train eastbound out of Rapid City, their train encountered a section of washed-out track and derailed, causing both to suffer injuries. Plaintiff has initiated suit under the Federal Employers'

1

Liability Act ("FELA"), 45 U.S.C. §§ 51-60, as has Hendrickson in a related suit. Jury trial is scheduled to commence on November 18, 2024, with a pretrial hearing set for November 4, 2024. Defendant has conceded liability, thus the only remaining issue for the jury is the assessment of Plaintiff's damages.

Plaintiff alleges several injuries resulting from the derailment including a broken rib, nerve damage to his neck, pain in the neck and shoulder region, pain that travels to his head that causes migraines, nerve damage that causes numbing in his arms and hands, and post-traumatic stress disorder ("PTSD"). (Doc. 160 PgID. 4116). Plaintiff was deposed for four and ½ hours on February 8, 2023, and testified to his claimed injuries, disabilities, and quality of life following the accident. (*Id.*, at PgId. 4117). Additionally, Plaintiff has provided 8,855 pages of medical records. (*Id.*, at PgID 4118).

Nevertheless, Defendant argues it should be entitled to a second deposition because since the February 2023 deposition, Plaintiff's health has changed and there are new documents regarding Plaintiff's most recent treatment that it has not had the opportunity to obtain. (*Id.*, at PgID. 4118, 4122). Plaintiff disagrees and argues that Defendant has failed to demonstrate good cause warranting a second deposition of Plaintiff at this stage of litigation. The parties have conferred but were unable to come to an agreement regarding a second deposition. As a result, on October 3, 2024, Defendant filed the present motion.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 30(a)(2)(A)(ii) provides that absent a stipulation, a party must obtain leave of the court to conduct a deposition of a deponent who has already been deposed in the case. Fed. R. Civ. Pro. 30(a)(2)(A)(ii). Further, "[t]he court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." *Id.* Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case... ." Fed. R. Civ. Pro. 26(b)(1). However, courts must limit discovery if it determines that the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source...the party seeking discovery has had ample opportunity to obtain the information...or the proposed discovery is outside the scope permitted by Rule (26)(b)(1)." Fed. R. Civ. Pro. 26(b)(2). Accordingly, as both parties have noted, a movant must show good cause to re-depose a witness. *See Benson v. Giordano*, No. 05–Civ–4088, 2007 WL 2355783, at *3 (D.S.D. Aug. 17, 2007) (applying the good cause standard).

"Trial courts have 'broad discretion to decide discovery motions.'" *Pavlik v. Cargil, Inc.*, 9 F.3d 710, 714 (8th Cir. 1993)); *See also, Escamilla v. SMS Holdings Corp.*, 2011 WL 5025254, at *6 (D. Minn. Oct. 2011) ("availability of a second deposition is left to the discretion of the trial court.") (quoting Perry v.

*KellySpringfield Tire Co., Inc.*, 117 F.R.D. 425, 426 (N.D.Ind.1987)). It is true that discovery rules are "liberal in scope and interpretation." *Haddley v. Next Chapter Technology, Inc.* 2018 WL 11419658, at * 3 (D. Minn. 2018) (quoting *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)). However, when a deposition has already been completed, "additional deposition is disfavored." *EEOC v. Prod. Fabricators, Inc.*, 285 F.R.D. 418, 422 (D. Minn. 2012); *See also, Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 690 (D. Kan. 1996) ("Absent some showing of a need or good reason for doing so, the court will generally not require a deponent to appear for a second deposition." (internal quotation and citation omitted)); *Arugu v. City of Plantation*, 2010 WL 2609394, at *4 (S.D.Fla. 2010) ("[T]he Court cannot find good cause allowing it to grant the Motion to Re-Depose based upon [a party]'s choice not (or even his neglect) to ask questions he could have asked at the deposition."); *Land O' Lakes, Inc. v. Employers Mut. Liability Ins. Co. of Wisconsin*, 846 F.Supp.2d 1007, 1017 (D.Minn.2012) (Concluding that the discovery of "helpful...and new information...does not qualify as good cause to modify the scheduling order.")).

## ANALYSIS

As discussed above, Defendant asks this Court for leave to conduct a supplemental deposition of Plaintiff. However, Defendant's motion is also, in effect, a motion to re-open discovery, which closed on January 3, 2024, and a

4

motion to modify the scheduling order, as trial is scheduled to commence on November 18, 2024. In support of its motion, Defendant argues that Plaintiff's health conditions have changed since the February 8, 2023, deposition and that Defendant has not had the opportunity to obtain Plaintiff's most recent medical records regarding ongoing treatment. As a result, Defendant claims to have "no information as to what Plaintiff will testify to" at trial regarding his current condition.

Defendant cites two cases in support of its argument: *Chrsatecky v. C. R. Bard, Inc.*, No. A-19-CV-1240-LY-SH, 2021 WL 2232013 (W.D. Tex. 2012), and *Barnhill v. Boston Sci. Corp.*, No. 8:20-CV-182, 2021 WL 424441 (D. Neb. Feb. 8, 2021). These cases miss the mark for separate reasons. As an initial matter, *Chrastecky* is a 5th circuit case. Further, in *Chrastecky*, the medical records produced after the deponent's first deposition indicated new injuries which may have arisen after the first deposition as well as potential alternative causes for the injuries. 2021 WL 2232013, at *1. Here, Defendant does not identify any new injuries in Plaintiff's post-deposition medical records, nor did it articulate a new theory on potential alternative causes.

Specifically, Defendant listed several "red flags" in Plaintiff's post-deposition medical records which it believes necessitates a second deposition. For example, Defendant states that there are medical records that seemingly conflict

5

with Plaintiff's deposition testimony concerning his inability to drive, hike, and work. If anything, this "development in Plaintiff's health" is beneficial to Defendant's case, and in the Court's view, can be more appropriately addressed by effective cross examination. Also, as noted above, the discovery of "helpful…and new information…does not qualify as good cause to modify the scheduling order." *Land O' Lakes*, 846 F.Supp.2d at 1017.

Additionally, Defendant claims that it lacks Plaintiff's most recent information and medical records regarding ongoing treatment to his neck, lower back, and for his PTSD. The Court recognizes that the deposition of Plaintiff was almost twenty months ago, but ultimately, Defendant made strategic decisions about what to ask during the deposition, and when to depose him. Deadlines for discovery were extended multiple times in this case, eventually being stretched until January 3, 2024, almost a year after the initial deposition. Moreover, as mentioned above, Defendant has not specified any new injuries or damages that would warrant a second deposition at this stage. As far as the Court can tell, the information sought concerns the ongoing treatment of alleged injuries that Defendant was aware of at the February 2023 deposition. Again, this issue can be resolved by developing updated testimony at trial.

*Barnhill* is closer to the mark, although, the motion in that case was timely. (2021 WL 424441, at *1, 3). Here, the first time Defendant raised this issue was at

6

scheduling conference on August 28, 2024, and the present motion was not filed until October 3, 2024, which, at the time of this order, still has not been fully briefed. As mentioned above, discovery in this matter closed on January 3, 2024. Further, as Plaintiff noted, Defendant has been aware of these documents for some time, all of which are dated from 2023 or earlier, and Defendant has not provided a reason to the Court explaining why it waited until the eleventh hour to file this motion.

The Court finds that Defendant has not shown good cause for leave to conduct a supplemental deposition of Plaintiff. Therefore, the Court denies Defendant's motion.

Accordingly, IT IS ORDERED that:

1. Defendant's motion for leave to take a supplemental deposition of Plaintiff is denied.

Dated this 30th day of October, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge